UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO:

THOMAS A. ALFIERI,

    Plaintiff,                                 **JURY TRIAL DEMANDED**

    v.

BNT SERVICES, INC., a Florida profit corporation,
and TOM ZESCHKE, an individual,

    Defendants.
_____/

**COMPLAINT FOR DAMAGES**

THOMAS A. ALFIERI, ("ALFIERI"), through his undersigned attorney, file this Complaint for Damages against Defendants, BNT SERVICES, INC., a Florida profit corporation, (hereinafter "BNT"), and TOM ZESCHKE, an individual, (hereinafter "ZESCHKE"), and states as follows:

**INTRODUCTION**

1. This is an action to recover unpaid overtime wage compensation under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et. seq,* (hereinafter "FLSA").

**JURISDICTION**

2. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1331. At all times pertinent to this Complaint, the corporate Defendant, BNT was an enterprise engaged in interstate commerce. At all times pertinent to this Complaint, the corporate Defendant regularly owned and operated a business engaged in commerce or in the

production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s).

3. Defendants, BNT and ZESCHKE, operated a window and door replacement business. The Plaintiff's work involved handling on a regular and recurrent basis "goods" or "materials," as defined by the FLSA, which were used commercially in Defendants' business, and moved in interstate commerce. Specifically, this included windows, doors, tools, glass, equipment and other materials used for installing, repairing and preparing windows and doors.

4. The Defendants had at least ten other employees besides the Plaintiff, that also handled, on regular and recurrent basis, "goods" or "materials," as defined by the FLSA, which were used commercially in Defendants' business, and moved in interstate commerce. Specifically, those employees handled windows, doors, tools, glass, equipment and other materials used for installing, repairing and preparing windows and doors.

5. Upon information and belief, during the relevant time period, the Defendants had an annual gross volume of sales made or business done of not less than $500,000.00.

6. The Defendants are subject to the jurisdiction of this Court because they engage in substantial and not isolated activity within the Southern District of Florida.

7. The Defendants are also subject to the jurisdiction of this Court because they operate, conduct, engage in, and/or carry on business in the Southern District of Florida.

## VENUE

8. The venue of this Court over this controversy is based upon the following:

    a. The unlawful employment practices alleged below occurred and/or were committed in the Southern District of Florida; and,

      b.      Defendants were and continue to be a corporation and an individual doing business within this judicial district.

## PARTIES

9. At all times material hereto, Plaintiff was an "employee" of the Defendants within the meaning of the FLSA.

10. At all times material hereto, corporate Defendant, BNT was conducting business in Fort Lauderdale, Broward County, Florida, with its principal place of business in that city.

11. At all times material hereto, Defendants BNT and ZESCHKE continue to be an "employer" within the meaning of the FLSA.

12. At all times material hereto, Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned wages in conformance with the FLSA.

13. Defendants committed a willful, malicious and unlawful violation of the FLSA and, therefore, are liable for monetary damages.

14. At all times material hereto, corporate Defendant, BNT was an "enterprise" engaged in commerce" within the meaning of the FLSA.

15. At all times material hereto, the work performed by Plaintiff were directly essential to the business performed by Defendants, BNT and ZESCHKE.

16. Plaintiff has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## STATEMENT OF FACTS

17. From on about July 24, 2018 to about December 14, 2018, Plaintiff, ALFIERI was employed by the Defendants as a service technician at the Defendants' window and door replacement/installation business.

18. Plaintiff, ALFIERI was paid an hourly rate of $18.00 per hour.

19. Defendants knowingly and willfully operated their business with a policy of not paying wages in conformance with the applicable law, to the Plaintiff.

20. Defendant, ZESCHKE was a supervisor and/or manager/owner who was involved in the day-to-day operations and/or was directly responsible for the supervision of Plaintiff. Therefore, ZESCHKE is personally liable for the FLSA violations.

21. Defendant, ZESCHKE was directly involved in decisions affecting employee compensation and/or hours worked by Plaintiff.

22. Plaintiff has retained Bober & Bober, P.A. to represent him in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM:

## COUNT I

## VIOLATION OF 29 U.S.C. § 207 (UNPAID OVERTIME)

23. Plaintiff repeat and reallege Paragraphs 1 through 22 as if fully set forth herein.

24. Plaintiff's employment with the Defendants was to consist of a normal work week for which he should have received time and one-half for his hours worked in excess of the maximum hours provided for in the FLSA.

25. During Plaintiff's employment, Plaintiff worked hours in excess of forty (40) per week for which he was not compensated at the statutory rate of time and one-half for *all* of his hours. Plaintiff was entitled to be paid at the rate of time and one-half for all of his hours worked in excess of the maximum hours provided for in the FLSA, however, the Defendants "shaved off" Plaintiff's overtime hours, thereby failing to pay him for all overtime worked.

26. Records, if any, concerning the number of hours worked by Plaintiff and the actual compensation paid to Plaintiff are in the possession and custody of the Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, he will then seek leave of Court to amend his Complaint for Damages to set forth the precise amount due each of them.

27. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff at the statutory rate of time and one-half for all the hours he worked in excess of forty (40) hours per week when Defendants knew or should have known such was due.

28. Defendants failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

29. As a direct and proximate result of Defendants' disregard of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

30. Due to the willful and unlawful actions of the Defendants, Plaintiff has suffered damages in the amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages.

31. Plaintiff is entitled to an award of his reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against the Defendants:

    a. Declaring that the Defendants violated the overtime provisions of 29 U.S.C. §207;

    b. Awarding Plaintiff overtime compensation in the amount calculated;

    c. Awarding Plaintiff liquidated damages in the amount calculated;

  d.  Awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

  e.  Awarding Plaintiff post-judgment interest; and,

  f.  Ordering any other and further relief this Court deems to be just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated:  April 2, 2019.

              Respectfully submitted,

              BOBER & BOBER, P.A.
              Attorneys for Plaintiff
              2699 Stirling Road, Suite -A304
              Hollywood, FL 33312
              Phone: (954) 922-2298
              Fax: (954) 922-5455
              peter@boberlaw.com
              samara@boberlaw.com

              By: /s/. Peter J. Bober, Esq.
                FBN:  0122955